UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NICHOLAS SHORT,                      )
                                     )
      Petitioner,              )
                                     )
v.                                   )         No. 3:14-cv-02313
                                     )         Chief Judge Sharp
MICHEAL DONAHUE,                     )
                                     )
      Respondent.              )

**M E M O R A N D U M**

Pending before the court is a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Docket No. 1) filed by Nicholas Short (#442776), an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. The petitioner is serving a term of life imprisonment imposed by the Davidson County Criminal Court on June 18, 2010, for one count of first degree premeditated murder and one count of second degree murder during the perpetration of an especially aggravated robbery. (Docket No. 1 at p. 3).

**I.**    **Background**

On April 14, 2010, a Davidson County Criminal Court jury convicted the petitioner of one count of first degree premeditated murder and one count of second degree murder of Tyrone Davis. (Docket No. 1 at p. 3). On June 18, 2010, the trial court merged the convictions and imposed a sentence of life imprisonment. (*Id.*) Short appealed, asserting that the evidence was insufficient to establish his convictions. On May 7, 2012, the Tennessee Court of Criminal Appeals affirmed the trial court's judgments on direct appeal. *See State v. Short*, No. M2010-0194-CCA-R3-CD, 2012 WL 1593174, at *8 (Tenn. Crim. App. May 7, 2012). On September 20, 2012, the Tennessee Supreme Court denied the petitioner's application for permission to appeal. *Id.* at *1.

On September 19, 2013, the petitioner filed a petition for post-conviction relief. Following an evidentiary hearing, the post-conviction court denied the petitioner relief on February 13, 2013. (Docket No. 1 at p. 6). The petitioner filed a notice of post-conviction appeal on March 27, 2014. (Exhibit A "Public Case History" to Docket No. 12 at p. 3). The petitioner filed his brief on appeal on September 11, 2014. (*Id*. at p. 2). The State of Tennessee filed its brief on October 13, 2014. (*Id*.) The petitioner's post-conviction appeal is presently pending before the Tennessee Court of Criminal Appeals.

On December 1, 2014, Short filed the instant *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his convictions on three grounds: (1) the evidence of his guilt was insufficient; (2) he received ineffective assistance from his trial and direct appeal counsel; and (3) he was not allowed to cross-examine the medical examiner who performed the victim's autopsy in violation of *Crawford v. Washington,* 541 U.S. 36 (2004). (Docket No. 1).

On February 10, 2015, the court ordered the respondent to file a response to the petition. (Docket No. 7). The respondent then filed a motion to dismiss based on the petitioner's failure to exhaust in state court each of the claims he raises in the instant petition. (Docket No. 11). The petitioner has responded to the respondent's motion to dismiss, stating that he does not oppose the court's dismissal of his petition without prejudice. (Docket No. 13).

## II. **Exhaustion of Administrative Remedies**

An application for a writ of *habeas corpus* will not be granted unless the applicant has exhausted the remedies available in state court. 28 U.S.C. § 2254. The Supreme Court has interpreted this rule as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Therefore, unless an exception applies, failure to comply with the exhaustion rule as to only one of the claims will normally render the entire petition for federal habeas relief as a "mixed petition" which must be dismissed if a

2

remedy is still available for the prisoner to pursue. *Id.* at 519-21; *Pliler v. Ford*, 542 U.S. at 225, 233 (2004)(reiterating that *Rose* requires only that a district court must dismiss a mixed petition). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

### III. Respondent's Motion to Dismiss for Failure to Exhaust State Remedies

The State of Tennessee seeks dismissal without prejudice of Short's instant § 2254 petition on grounds that the petitioner has not fully exhausted his available state remedies. (Docket No. 12). It appears from the record that Short has failed to exhaust his available state court remedies by fairly presenting all of claims to the state courts. Short has not alleged any unusual or exceptional circumstances warranting review of his *habeas corpus* petition at this time, nor are any such circumstances apparent from the record. In fact, Short concedes that his state post-conviction proceeding is ongoing and states that he "would like to file his 28 U.S.C. § 2254 Habeas Petition at the conclusion of his State proceedings as intended in Federal procedures." (Docket No. 13).

Short must await the state courts' resolution of post-conviction petition before proceeding in this forum. Accordingly, the State's motion to dismiss without prejudice Short's federal habeas petition (Docket No. 11) will be granted.

### IV. Certificate of Appealability

A certificate of appealibility (COA) may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and it must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 336; *see also Henley v. Bell*, 308

3

F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Cockrell*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not, however, issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, reasonable jurists cannot conclude that the court abused its discretion in granting the State's motion to dismiss. Thus, the court will deny a COA.

**V.     Conclusion**

For the reasons explained herein, the court finds that the respondent's motion to dismiss (Docket No. 11) will be granted for failure to exhaust state court remedies. Therefore, the petition will be denied, and this action will be dismissed without prejudice to refile once the petitioner has exhausted his state court remedies. The dismissal also is without prejudice with regard to the petitioner's ability to refile actions under 28 U.S.C. § 2241.

The court will deny a COA. Any appeal of the court's decision would not be taken in good faith.

An appropriate order will be entered.

Kevin H. Sharp
Chief United States District Judge