UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NICHOLAS SHORT, | ) |
| Petitioner, | ) |
| | ) No. 3:14-cv-02313 |
| v. | ) CHIEF JUDGE CRENSHAW |
| MICHAEL DONAHUE, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for relief from judgment (Doc. No. 51) filed by Petitioner, to which Respondent has responded in opposition (Doc. No. 55).

**I.    Background**

Petitioner Nicholas Short is serving a term of life imprisonment imposed by the Davidson County Criminal Court on June 18, 2010, for one count of first degree premeditated murder and one count of second degree murder during the perpetration of an especially aggravated robbery. (Doc. No. 1 at 3). On December 1, 2014, Short filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his convictions on three grounds: (1) the evidence of his guilt was insufficient; (2) he received ineffective assistance from his trial and direct appeal counsel; and (3) he was not allowed to cross-examine the medical examiner who performed the victim's autopsy in violation of Crawford v. Washington, 541 U.S. 36 (2004). (Doc. No. 1).

By Order and Memorandum Opinion entered on December 22, 2015, the Court denied Petitioner's petition and dismissed this action with prejudice. (Doc. No. 33 and 34). Most pertinent to the issues at hand, the Court found that Petitioner had procedurally defaulted parts (ii), (iii), and

1

(vi) of Sub-Claim 2(D), in which Petitioner argued that trial counsel was ineffective. (Doc. No. 33 at 24-25). As to Sub-Claim 2(B) of the petition, also an ineffective assistance of counsel claim, the Court found that reasonable jurists could disagree with the district court's resolution of the claim or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further and granted a certificate of appealability on that issue. (Doc. No. 34.)

Petitioner appealed the dismissal to the United States Court of Appeals for the Sixth Circuit. (Doc. No. 38). On December 16, 2016, the Sixth Circuit denied Petitioner's application to expand the certificate of appealability and set a briefing schedule as to Sub-Claim 2(B). (Doc. No. 48). Petitioner failed to file his brief by the deadline and, on February 13, 2017, the Sixth Circuit dismissal his appeal for want of prosecution. (Doc. No. 49).

Petitioner has now filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (Doc. No. 51). Petitioner contends that the Court should overturn its December 15, 2015, dismissal because his post-conviction counsel's failure to raise certain ineffective assistance of trial counsel claims establishes cause to excuse the procedural default of his ineffective assistance of counsel claims. (Doc. No. 51 at 3). According to Petitioner, pursuant to Martinez v. Ryan, 566 U.S. 1 (2012), Trevino v. Thaler, 569 U.S. 413 (2013), and Sutton v. Carpenter, 745 F.3d 787 (6th Cir. 2014), he is entitled to an evidentiary hearing to establish the ineffectiveness of trial counsel as to Sub-Claims 2(D)(ii), (iii), and (vi). (Doc. No. 51 at 4).

In response, Respondent contends that Petitioner's motion must be denied because Petitioner is not entitled to relief under Rule 60(b) and, in any event, Petitioner's motion is untimely. (Doc. No. 55).

**II.     Analysis**

Before Petitioner's motion for relief from judgment can be considered on its merits, the Court must ensure that the motion is not a second or successive habeas petition prohibited by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, inter alia, at 28 U.S.C. §§ 2244, et seq.).  A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of 28 U.S.C. § 2244(b).  See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005).  If, under this standard, a Rule 60(b) motion is found to be a successive habeas petition, the court would apply 28 U.S.C. § 2244(b), which would serve as a jurisdictional bar to the Rule 60(b) motion. See, e.g., Post v. Bradshaw, 422 F.3d 419, 421 (6th Cir. 2005) (holding that petitioner's 60(b) motion was barred by § 2244(b) because the motion was in fact a successive habeas petition).

In order for § 2244(b) to be implicated, a Rule 60(b) motion must constitute a "habeas corpus application" by containing a "claim."  Gonzalez, 545 U.S. at 530. A Rule 60(b) motion contains a claim if it asserts a federal basis for relief from a state court's judgment of conviction by "seek[ing] to add a new ground for relief" or "attack[ing] the federal court's previous resolution of a claim on the merits." Id. at 532. However, no claim is presented if a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," such as "assert[ing] that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4. In short, a Rule 60(b) motion is not a successive habeas petition "if it does not assert, or reassert, claims of error in the movant's state conviction." Id. at 538.

Here, Petitioner's motion for relief from judgment argues that the Court erred in determining that certain ineffective assistance of counsel claims were procedurally defaulted. This

3

is not a "claim" because it does not assert an error in the state conviction and would not constitute a federal basis for relief. The motion attacks "some defect in the integrity of the federal habeas proceedings[,]" namely the Court's prior rulings on procedural default. Id. at 532 n.4. Therefore, Petitioner's Rule 60(b) motion is not subject to the provisions of 28 U.S.C. § 2244(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) applies in a federal habeas corpus action under 28 U.S.C. § 2254 as long as "[it is] not inconsistent with applicable federal statutory provisions and rules." Gonzalez, 545 U.S. 524, 529 (citations and footnote omitted). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Sataym Computer Servs., Ltd. V. Venture Global Eng'g, LLC, 323 F. App'x 421, 427 (6th Cir. 2009).

A party seeking relief under any subsection of Rule 60(b) must show that he or she filed his or her motion "within a reasonable time—and for reasons (1), (2), and (3) no more than a year

after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "A reasonable time depends on the factual circumstances of each case, and a moving party must articulate a reasonable basis for delay." Tyler v. Anderson, 749 F.3d 499, 510 (6th Cir. 2014) (citations omitted).

Here, Petitioner seeks Rule 60(b) relief on the grounds that the Court made a legal error under Martinez, Trevino, and Sutton; in particular, Petitioner contends that the Court committed a legal error in concluding that certain claims were procedurally defaulted falls under Rule 60(b)(1). Legal errors fall within the definition of "mistake" under Rule 60(b)1). See Okoro v. Hemingway, 481 F.3d 873, 874 (6th Cir. 2007) (holding "Rule 60(b)(1) . . . governs instances where [a] mistake was based upon legal error.") (citing Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989)).

However, as noted above, a Rule 60(b)(1) motion may not be filed more than one year after the entry of judgment, or, in this case, one year after December 22, 2015. (Doc. No. 35). See Fed. R. Civ. P. 60(c). Petitioner filed his Rule 60 motion one year and three months later, on April 6, 2017.[1] Moreover, where, as here, a Rule 60(b)(1) motion is based on legal error, it must be filed "within the normal time for taking an appeal." Townsend v. Soc. Sec. Admin., 486 F.3d 127, 133 (6th Cir. 2007) (citation omitted). Petitioner therefore is not entitled to relief under Rule 60(b)(1) because his motion was not timely filed.

---

[1] Under the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002) and Scott v. Evans, 116 Fed. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that Petitioner filed his motion for relief from judgment on April 6, 2018, the date he signed the motion (Doc. No. 51 at 7), even though the Clerk of Court received and docketed the petition on April 11, 2018.

Even if Petitioner had timely filed his motion, his motion would nevertheless fail. Petitioner has not shown that the Court's prior decision was premised on a mistake of law or fact. Neither has he shown that the motion was based on newly discovered evidence Cf. Settle v. Bell, No. 06-1092-JDT-egb, 2017 WL 1058365, at *2 (W.D. Tenn. Mar. 20, 2017) ("Settle asserts that his motions for relief from judgment are based on newly discovered evidence. However, the Court rejects that contention. The mere fact that Settle did not think to raise these additional arguments until now does not mean they are 'new evidence.' Therefore, he is not entitled to relief under subsection (2) of Rule 60(b).").

To the extent Petitioner seeks relief under Rule 60(b)(6) based on "any other reason that justifies relief," Petitioner faces an exceedingly high burden. Even stricter standards routinely are applied to motions under subsection (6) of Rule 60(b) than to motions made under other provisions of the rule. Indeed, relief under Rule 60(b)(6) is warranted "only in exceptional or extraordinary circumstances." Franklin v. Jenkins, 839 F.3d 465, 472 (6th Cir. 2016). Rule 60(b)(6) requires the moving party to demonstrate "(1) lack of prejudice to the non-moving party; (2) a meritorious defense; and (3) lack of culpability for the adverse judgment." Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co., Inc., 479 Fed. App'x 684, 693 (6th Cir. 2012) (citing Export-Import Bank of U.S. v. Advanced Polymer Scis., Inc., 604 F.3d 242, 247 (6th Cir. 2010)).

"Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007). "The 'something more' . . . must include unusual and extreme situations where principles of equity mandate relief." Id. "Such relief [relief under Rule 60(b)(6)] will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535.

Petitioner's motion, if construed as filed under Rule 60(b)(6), fails for several reasons. First, because the motion raises a claim of legal error which falls under Rule 60(b)(1), Petitioner's motion cannot be considered under Rule 60(b)(6). See Mitchell v. Rees, 261 Fed. App'x 825, 829-30 (6th Cir. 2008) abrogated on other grounds by Penney v. United States, 870 F.3d 459 (6th Cir. 2017) (finding that petitioner's claim was one of legal error which is subsumed in the category of mistake under Rule 60(b)(1), and when Rule 60(b)1) applies, a court cannot consider the motion under Rule 60(b)(6)); United States v. Leprich, 169 F. App'x 926, 932 (6th Cir. 2006) (finding that petitioner's claim was one of legal error which "is subsumed in the category of mistake under Rule 60(b)(1)."); Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974, 770 F.2d 449, 451 (6th Cir. 1985) ("This Court has recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1).").

Second, the motion is not timely filed. Rule 60 provides that "for reasons (1), (2) and (3)" of Rule 60(b), a motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1). Under the remaining subsections, the motion must be made "within a reasonable time." Id. What constitutes a reasonable time limit for making a Rule 60(b) (6) motion depends upon the facts and circumstances in each case. See Tyler, 749 F.3d at 510. The Court considers the length of delay, the movant's reason for the delay, the movant's ability to learn earlier of the grounds relied upon in the Rule 60(b)(6) motion, whether the opposing party is prejudiced by the delay, and any other relevant circumstances compelling equitable relief. See In re G.A.D., Inc., 340 F.3d 331, 334 (6th Cir. 2003); LAL v. Prudential Secs., Inc., 172 F.3d 48, 1998 WL 889765, at *3 (6th Cir. Dec. 8, 1998); Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990).

Here, Petitioner's motion was filed a year and three months after the Court entered judgment in this case on December 22, 2015. The Court finds that, under the circumstances of this case, Petitioner's motion was not filed within a reasonable amount of time. See Days Inn Worldwide, Inc. v. Patel, 445 F.3d 899, 906 (6th Cir. 2006) (affirming the denial of appellant's Rule 60(b) motion as untimely where he did "not attempt to identify any good reason" for waiting eleven months to file his motion); West v. Carpenter, No. 3:01-cv-91, 2013 WL 5350627, at *5 (E.D. Tenn. Sept. 23, 2013) (finding untimely Rule 60(b) motion in death case where petition was filed "almost one year" after Martinez decision).

Next, Petitioner claims that he is entitled to relief under Martinez, Trevino, and Sutton. He claims these cases allow the Court "to find that his post-conviction counsel procedural[ly] defaulted his constitutional ineffective assistance of trial counsel claims to excuse the default of a substantial federal habeas claim that his trial counsel was constitution[ally] ineffective." (Doc. No. 51 at 5). Martinez effected a change in decisional law in that it created a "narrow exception" to the general rule of Coleman v. Thompson, 501 U.S. 722 (1991). Coleman held that a habeas petitioner cannot use ineffective assistance of collateral review counsel as cause to excuse a procedural default. Id. at 756–57. The Martinez exception provides that, where a state's procedural law requires claims of ineffective assistance of counsel to be raised in an initial-review collateral proceeding, a procedural default will not bar a habeas court from hearing a substantial claim of ineffective assistance of counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Martinez, 566 U.S. at 16. A year later, the Supreme Court expanded the Martinez exception to cases where a "state['s] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal

. . . ." Trevino, 569 U.S. at 429. The Sixth Circuit subsequently ruled this exception applicable to Tennessee. See Sutton, 745 F.3d 787, 795–96.

This Court was aware of the Martinez, Trevino, and Sutton rulings when considering Petitioner's habeas claims. (See Doc. No. 33 at 15-16). In ruling on Petitioner's habeas petition, the Court found that, with regard to Sub-Claim 2(D), Petitioner did not raise part (ii) at all in the state court and, although he raised parts (iii) and (vi) in his state petition for post-conviction relief, he did not raise those claims again in his post-conviction appeal. (Id. at 24). The Court therefore determined that Petitioner's claim was exhausted (because no avenue for raising the claim in state appellate court remained) but procedurally defaulted for the purposes of federal habeas review. (Id.) The Court ultimately dismissed Sub-Claim 2(D) because Petitioner did not assert cause for his procedural default; therefore, even though the Court was aware of the Martinez, Trevino, and Sutton rulings, it had no opportunity to apply those decisions to Petitioner's ineffective assistance of counsel claims because Petitioner's arguments did not implicate those decisions. (Id.) In other words, Petitioner did not argue, as he does now, that his post-conviction counsel's ineffectiveness constituted cause for Petitioner's procedural default of Sub-Claim 2(D).

Essentially, Petitioner now asks the Court to entertain relief under Rule 60(b)(6) by allowing Petitioner to make an argument not previously made by Petitioner but available to Petitioner at the time of he filed his original federal habeas petition. Indeed, in his motion, Petitioner asks the Court to "take under consideration that due to his excusable neglect and mistake he made when he forgot to demonstrate cause and prejudice for his default by arguing that his post-conviction counsel provided ineffective assistance by failing to raise on appeal all issues from the post-conviction petition." (Doc. No. 51 at 5). This case, then, is distinguishable from those cases where petitioners seek relief under Rule 60(b)(6), arguing that the Supreme Court's decisions

in Martinez and Trevino, which came after the petitioners' cases had been decided, presents an extraordinary change in the law which justifies reopening their cases to allow them to show that their procedural defaults should be excused based on the ineffective assistance of post-conviction counsel. Even in those cases, however, courts consistently have denied relief, finding that a change in decisional law is usually not, by itself, an "extraordinary circumstance" warranting Rule 60(b)(6) relief. Gonzalez, 545 U.S. at 536-37; McGuire v. Warden, Chillicothe Corr. Inst., 738 Fed.3d 741, 750 (6th Cir. 2013) (concluding that petitioner was not entitled to Rule 60(b) relief "because intervening law does not generally permit the reopening of finally decided cases, and even if it does in some truly extraordinary cases, this is not such a case.").

The Court entered its Order and accompanying Memorandum Opinion disposing of Petitioner's § 2254 petition on December 22, 2015, after Martinez, Trevino, and Sutton were decided. Petitioner filed the instant motion four years after the latest of the three cases was decided. Petitioner does not suggest that these cases were unavailable to him when he prepared his original federal habeas petition, just that he "forgot" to argue their relevance. (See Doc. No. 51 at 5). Such is not the type of extraordinary circumstances Rule 60(b)(6) is meant to address.

Petitioner's path bears some similarities to the path trod by the petitioner in Settle v. Bell, No. 06-1092-JDT-egb, 2017 WL 1058365 (W.D. Tenn. Mar. 20, 2017). Petitioner Mike Settle filed a pro se habeas petition pursuant to 28 U.S.C. § 2254. See id. at *1. The Court denied the petition as untimely and entered judgment. Id. The Sixth Circuit denied a certificate of appealability, and Settle then filed a motion in which he attempted to raise a new claim that he asserted he had recently exhausted and should be allowed to raise even after the district court already had denied him relief. Id. The district court transferred the motion to the Sixth Circuit as a second or successive petition under 28 U.S.C. § 2244(b)(3). Id. The Court of Appeals dismissed

the application for want of prosecution. Id. Settle then filed a Rule 60(b) motion in which he argued that his trial counsel was ineffective and a motion to amend his § 2254 petition. Id. The court denied Settle's motion if construed under Rule 60(b)(1), finding that "[r]ule 60(b) is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome." Id. at *2. The court also denied his motion if construed under Rule 60(b)(2), finding that"[t]he mere fact that Settle did not think to raise these additional arguments until now does not mean they are 'new evidence.'" Id. Construing the motion as filed under Rule 60(b)(6), the court determined that the motion was untimely filed. Id. The court further found that Settle's petition could not be amended "at this belated date." Id.

Although it is unfortunate that Petitioner Short could have raised the argument he seeks to raise now prior to the Court's denial of his § 2554 petition, a party "may not use a Rule 60(b) motion as a substitute for an appeal, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989) (citation omitted); see Jinks v. Allied Signal, Inc., 250 F.3d 381, 385 (6th Cir. 2001) (holding that Rule 60(b) is not intended to allow relief from judgment merely because a petitioner is unhappy with the outcome). Petitioner's arguments that Martinez, Trevino, and Sutton constitute a change in decisional law fail to constitute "extraordinary circumstances" which entitle him to relief under Rule 60(b)(6). See Stokes v. Williams, 475 F.3d 732, 735 (6th Cir. 2007). For all of these reasons, Petitioner's motion fares no better if construed under subsection (6) of Rule 60(b) instead of the other subsections.

Finally, the Court notes that, in a declaration filed in support of Petitioner's motion for relief from judgment, Petitioner attests that he "was unable to prepare a brief due to multiple institutional lockdown[s] at Trousdale Turner Correctional Center" and that the prison library

11

"does not have law books . . . so that prisoners can do research." (Doc. No. 52 at 1). Petitioner asks the Court to permit him to "proceed with his Motion to accept late filed brief." (Id.) To the extent that Petitioner's Rule 60(b) motion filed in this Court challenges the dismissal of his appeal by the Sixth Circuit, a Rule 60(b) motion is not the proper way to challenge that decision. This Court has no authority to alter the Sixth Circuit's ruling.

### III. Conclusion

Petitioner's motion for relief from judgment (Doc. No. 51) therefore is **DENIED**. Because reasonable jurists would agree that Petitioner is not entitled to relief pursuant to Rule 60(b) under these circumstances, the Court **DENIES** a certificate of appealability (COA) from this Order. See United States v. Hardin, 481 F.3d 924, 925 (6th Cir. 2007) (holding that a certificate of appealability is required before an appeal of the denial of Rule 60(b) motion can be heard). Petitioner may still seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE